# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAIME REYES,

        Plaintiff,

v.

        Case No.

CITIZENS BANK, N.A.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and EQUIFAX INFORMATION SERVICES, LLC,

        Defendants.

## COMPLAINT

NOW COMES Plaintiff, JAIME REYES ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants CITIZENS BANK, N.A., ("CITIZENS" or "Defendant"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant"), and EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX" or "Defendant"):

### Nature of the Action

1.     This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2.     Plaintiff is a natural person at all times relevant residing in Philadelphia County, in the City of Philadelphia, in the State of Pennsylvania.

3.     At all times relevant, Plaintiff was a "consumer," as that term is defined by 15

U.S.C. § 1681(a)(c).

4.      Defendant EXPERIAN is a corporation conducting business in the State of Pennsylvania and is headquartered in Costa Mesa, California.

5.      Defendant EXPERIAN is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6.      Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7.      Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

8.      Defendant EXPERIAN is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9.      Defendant EQUIFAX is a company conducting business in the State of Pennsylvania and is headquartered in Atlanta, Georgia.

10.      Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

11.      Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12.      Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

13.      Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

14. Defendant CITIZENS is a national bank doing business in the State of Pennsylvania, with its principal place of business located in Providence, Rhode Island.

15. Defendant CITIZENS is a "person," as defined by 47 U.S.C. §153 (39).

16. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### Jurisdiction and Venue

17. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

18. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

### Facts

19. Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX, EXPERIAN, and CITIZENS regarding a credit account that she had with CITIZENS, settled with CITIZENS, and paid to CITIZENS.

20. CRAs, including EQUIFAX and EXPERIAN, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

21. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

3

22.    Further, Furnishers, such as CITIZENS, are prohibited from furnishing information they know or should know is inaccurate.

23.    Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with CITIZENS, an inaccuracy found in all both credit reports published by the two CRA Defendants. The following is a description of the inaccuracy and failures of all Defendants to investigate and update their reporting of the account in question:

24.    On or about October 28 , 2025, Plaintiff and CITIZENS settled an account ending in 8070  (the "Account") for $2,762.18.

25.    Per the terms of the settlement agreement, Plaintiff made one (1) payment of $2,762.18, on November 21, 2025, fully satisfying the settlement agreement and Account.

26.    On March , 2026, Plaintiff received copies of her credit report from both CRA Defendants.

27.    To her surprise, despite Plaintiff's performance under the terms of the settlement agreement, Defendant CITIZENS reported incorrect information regarding the Account to the CRAs.

28.    Specifically, both EXPERIAN and EQUIFAX reported the Account status as "Charge-off/Collection" with a past-due, outstanding balance of $690.00. Additionally, both CRA Defendants failed to accurately report the payment history on the Account.

29.    The CRA Defendants' failure to report the Account correctly, including their failure to report the accurate status, balance, and payment history, harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

30.    On March 20, 2026, Plaintiff issued disputes by mail to both CRA Defendants regarding the incorrect information being reported on the Account.

31.     In her dispute letters, Plaintiff disputed the incorrect entries in her credit report that the Account still had an outstanding balance that was past due and disputed the incorrect payment history. Plaintiff also included proof of the agreement between herself and CITIZENS and proof of the payment made in satisfaction of the agreement.

32.     Upon information and belief, pursuant to their obligations under the FCRA, both CRA Defendants notified CITIZENS of Plaintiff's disputes within five days of receipt of the disputes.

33.     Further, upon information and belief, both CRA Defendants would have sent the documentation Plaintiff included in his dispute letters to CITIZENS, including the terms of the settlement and proof of the payment.

34.     Despite her very specific disputes and accompanying documents supporting his disputes, the second set of credit reports from both CRA Defendants, received by Plaintiff on May 2026, reiterated the same inaccuracies. The credit reports continued to report an outstanding balance of $690.00 with no change in the Account status or the payment history.

35.     At the time of filing this complaint, both CRA Defendants continue to report the Account as having a balance owed, report an inaccurate status of the Account, and fail to report the accurate payment history.

36.     Upon information and belief, both CRA Defendants continue to report this information because of (1) CITIZENS' furnishing of incorrect information regarding the Account to the both CRA Defendants and (2) both CRA Defendants failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letters.

5

37. Additionally, upon information and belief, CITIZENS failed to conduct a reasonable investigation into the information about the CITIZENS Account it furnished to the CRA Defendants.

38. If CITIZENS had complied with their duty to reinvestigate the Account when it received notice of the disputes, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

39. Further, CITIZENS continues to furnish information regarding the Account that it knows or should know is inaccurate.

40. Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, EQUIFAX and EXPERIAN are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintain concerning Plaintiff. 15 U.S.C. § 1681e(b).

41. If EQUIFAX and EXPERIAN had complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

42. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

43. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

44. Because of her concern over the effects Defendants' misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

\\\

6

## COUNT I– CITIZENS
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)
## Regarding the CITIZENS Account

45.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-44.

46.    After receiving Plaintiff's disputes, CITIZENS failed to reasonably reinvestigate its reporting of the information regarding the CITIZENS Account reporting on Plaintiff's consumer report.

47.    CITIZENS violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of CITIZENS representations to the CRAs.

48.    As a result of this conduct, action, and inaction of CITIZENS, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49.    CITIZENS conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50.    In the alternative, CITIZENS was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51.    Plaintiff is entitled to recover costs and attorneys' fees from CITIZENS, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

\\\

**COUNT II – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**
**Regarding the CITIZENS Account**

52.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-44.

53.     After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the CITIZENS Account reporting on Plaintiff's consumer report.

54.     EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

55.     As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56.     EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57.     In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

58.     Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**
**Regarding the CITIZENS Account**

59.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-44.

8

60. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the CITIZENS Account reporting on Plaintiff's consumer report.

61. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

62. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

63. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

64. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

65. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT IV – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)
### Regarding the CITIZENS Account

66. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-44.

67. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the CITIZENS Account reporting on Plaintiff's consumer report.

68. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

69. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

70. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

71. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

72. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT V – EXPERIAN**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**
**Regarding the CITIZENS Account**

73. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-44.

74. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the CITIZENS Account reporting on Plaintiff's consumer report.

75. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

76.    As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

77.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

78.    In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

79.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: 07/07/2026                                    Respectfully submitted,

11

*/s/ John Harris*
John Harris
Gator Law, P.C.
2 N Central Avenue, Ste. 1800
Phoenix, AZ 85004
P: (385) 324-5471
E: attorneys@gatorlawpc.com

Attorneys for Plaintiff,
JAIME REYES